UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Jeske, an individual, on behalf of himself and all others similarly situated<br><br>                           Plaintiff,<br>v.<br><br>PERSOLVE, LLC, and DOES 1 through 25,<br><br>                           Defendants. | Case No.: 10cv1626 AJB (WMc)<br><br>Order Granting Motion to Amend<br><br>[Doc. No. 17] |

    The Plaintiff filed a motion to amend, [Doc. No. 17], on February 22, 2011, seeking leave to file a First Amended Complaint (hereinafter "FAC") to name a new Defendant in this action as an alter ego of the Defendant Persolve for the existing claims and also alleges that the "new Defendant"[1] and Persolve are liable for a fraudulent transfer of assets from Persolve to the new Defendant. The Defendant Persolve has filed an opposition and the Plaintiff filed a reply. The hearing date set for May 19, 2011 at 1:30 p.m. before Judge Battaglia is hereby vacated as the Court finds this motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiff's motion to amend, [Doc. No. 17], is hereby GRANTED.

///

///

---

[1] Due to the parties motion to seal, [Doc. No. 18], which was granted by this Court on March 14, 2011, [Doc. No. 25], the Court will refer to the unnamed third party as the "new Defendant".

## *Background*

### *I. Factual Background*

The Plaintiff filed this putative class action against the Defendant for alleged violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.) (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §§ 1788-1788.32) (hereinafter "Rosenthal Act"). In issue in this action is an allegedly unpaid past due balance of revolving credit debt incurred by the Plaintiff with Bank of America which was subsequently assigned, transferred or purchased by the Defendant. The Defendant filed suit in California Superior Court seeking a 32.24 percent fixed interest rate on the alleged debt owed by the Plaintiff, however, the Plaintiff contends that the contractual terms of the revolving line of credit originally issued to him and the FDCPA and Rosenthal Act cap the maximum fixed interest rate at 10 percent.

The Plaintiff contends that the Defendant sought inflated and improper fixed interest rates that exceed the maximum legally allowable under the FDCPA and Rosenthal Acts and has brought the instant action on behalf of two anticipated classes of affected California debtors for: 1) violations under the FDCPA; and 2) violations of the Rosenthal Act.

### *II. Procedural Background*

The Plaintiff filed the instant action on August 4, 2010. The deadline for filing a motion to amend the complaint was February 22, 2011. Discovery is not set to close in this case until November 7, 2011. The Class Certification motion filing deadline set by the Court is August 8, 2011.

## *Legal Standard*

### *1. Leave to Amend Under Rule 15 of the Federal Rules*

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely give leave to amend when justice requires. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962). This policy should " 'be applied with extreme liberality.' " *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001), quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Foman*, 371 U.S. at 182. A court must be guided by the purpose of Rule 15, which is facilitating decisions on their merits. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981).

"[A] district court may deny leave to amend where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir.1991), quoting *Foman*, 371 U.S. at 182 ( internal quotation marks omitted ). "Not all of the factors merit equal consideration," however, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). Leave to amend is within the trial court's discretion. *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir.1996); *United States v. County of San Diego*, 53 F.3d 965, 969 n. 6 (9th Cir.); *cert. denied*, 516 U.S. 867, 116 S.Ct. 183, 133 L.Ed.2d 121 (1995).

If the proposed amendment is insufficient in law and would be a futile act, it is proper to deny leave to amend. *Baker v. Pacific Far East Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal.1978). "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.1988). Futility alone can justify denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 810, 813 (9th Cir.2004), *cert. denied*, 543 U.S. 1188, 125 S.Ct. 1395, 161 L.Ed.2d 192 (2005). *See also Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986) (opining that a motion to amend should not be granted when the amendment could be defeated on summary judgment).

### *Discussion*

The Plaintiff seeks to amend his complaint to add a new Defendant in this action as an alter ego of Defendant Persolve for the existing claims and to allege additional claims for fraudulent or negligent transfer of assets from Defendant Persolve to the new Defendant, these latter claims were discovered post filing.  The financial documents referred to by the Plaintiff were produced by the Defendant during

settlement discussions with Magistrate Judge McCurine, because damages in this action are pinned[2] upon the Defendant's net worth.  These documents are in contrast to others produced by the Defendant in this case.  See Pla. Mot., p. 2, lines 16-26.  Based upon these financial documents, the Plaintiff contends that there were two separate fraudulent transfers by Defendant Persolve to the new Defendant so that Persolve's balance sheet would be zero or less for the purposes of avoiding liability in this case.

The Defendant opposes the instant motion on the following grounds: 1) that the Plaintiff's allegations are false; 2) Plaintiff relied solely upon information disclosed during settlement negotiations for the proposed amendment; and 3) the proposed amendment is futile.  The Defendant argues in the first ground that the Plaintiff's allegations are false and that the Plaintiff has failed to cite to any admissible evidence to support his claims. However, as the Plaintiff has aptly pointed out, the mere fact that the Defendant denies the new allegations is not sufficient basis to deny the Plaintiff leave to amend. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal.2003) (citation omitted).

Leave to amend may be denied where the defendant demonstrates undue delay, bad faith or dilatory motive, prejudice to the defendant, the futility of amendment, or repeated failure to cure deficiencies by previous amendments. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989). In the opposition, the only *Foman* factor argued by the Defendant is futility. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)  "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground [s] is rare.' " *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quotation omitted).

The only remaining ground raised by the Defendant to Plaintiff's proposed amendment is that the Court should not permit the Plaintiff to use information disclosed during settlement negotiations to support its proposed amendment.  However, while Federal Rule of Evidence § 408 prohibits the use of settlement negotiations, the underlying facts disclosed during such exchanges which would otherwise be

---

[2] Fair and efficient adjudication of the controversy as required by Fed. R. Civ. P. 23(b) and FDCPA class certification both require Defendant to have a positive net worth.

discoverable are not protected.[3]  The Plaintiff's use of the underlying fact that certain transfers were made between Persolve and the new Defendant as support for the proposed amendment is not in violation of § 408 and is it not sanctionable.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).  Based upon the foregoing, Plaintiff's motion to amend is hereby GRANTED.

### *Conclusion*

For the reasons set forth above, the Court finds that all factors weigh in favor of allowing Plaintiffs to file the proposed amended complaint and as such the Plaintiff's motion to amend, [Doc. No. 17], is hereby GRANTED.  Plaintiff has leave to file the proposed First Amended Complaint ("FAC") attached to the Motion to Amend as Exhibit A, and SHALL file and serve his FAC as a stand-alone document ***on or before May 23, 2011***.  Defendants shall all respond to the FAC within thirty (30) days thereafter.

IT IS SO ORDERED.

DATED:  May 18, 2011

Hon. Anthony J. Battaglia
U.S. District Judge

---

[3] Since financial worth is a factor regarding class certification, the information would be discoverable under the Federal Rules.